BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

MAR 26 1980

PATRICIA D. HOWARD
CLERK OF THE PANEL

IN RE CABLE TIE PATENT      )      DOCKET NO. 412
LITIGATION                  )

OPINION AND ORDER

3/26/80

BEFORE ANDREW A. CAFFREY, CHAIRMAN, ROY W. HARPER, CHARLES R. WEINER, EDWARD S. NORTHROP, AND ROBERT H. SCHNACKE, JUDGES OF THE PANEL.

PER CURIAM

This litigation consists of four actions, three pending in the Northern District of Illinois and one pending in the Eastern District of Wisconsin.  Each action involves claims concerning one or more patents covering one-piece plastic cable ties (self-locking devices which are molded from nylon and designed to encircle a bundle of electrical wires to group the wires together).

The first Illinois action was filed in September, 1976, by Bowthorpe-Hellerman, Ltd. (Bowthorpe-Hellerman), a British company that manufactures cable ties and owns a United States patent covering those ties (the '201 patent), against All States Plastic Manufacturing Co., Inc. (All States), a corporation engaged in the business of manufacturing and selling cable ties.  The complaint in this action alleges that All States has infringed the '201 patent.  All States has denied infringement and affirmatively alleged that the '201 patent is invalid and has been misused by Bowthorpe-Hellerman.  Extensive

discovery and other pretrial proceedings have been accomplished in this action, and the court recently set a discovery cutoff date of May 1, 1980.

The second Illinois action was commenced in October, 1976, against All States by Panduit Corporation (Panduit), a manufacturer of cable ties and the owner of two United States patents concerning those ties (the '146 and '869 patents). The complaint alleges that All States has infringed the '146 and the '869 patents;[1] All States has denied infringement and affirmatively alleged that the patents are invalid and have been misused by Panduit.

All States has filed a counterclaim in this action against Panduit, Bowthorpe-Hellerman, Bowthorpe Holdings, Ltd. (Bowthorpe-Hellerman's parent corporation), and Tyton Corporation (a wholly-owned subsidiary of Bowthorpe Holdings, Ltd. which is engaged in the manufacture, sale and distribution of cable ties in the United States). This counterclaim, which was commenced under Sections 1 and 2 of the Sherman Act and Section 3 of the Clayton Act, alleges, inter alia, as follows: (1) the counterclaim defendants have conspired and combined to monopolize certain cable tie markets by entering into illegal patent cross-licensing agreements and other agreements to secure illegal patent monopolies; (2) Panduit has tied the sale of its cable ties to the sale of other products in order to coerce customers into purchasing the cable ties; (3)

---

[1] Panduit originally alleged that All States had also violated a third patent owned by Panduit concerning cable ties. Panduit abandoned these allegations in late 1979, however.

Panduit has procured one or more of the patents involved in this litigation through fraudulent means and instituted the action against All States with knowledge that the patents were fraudulently procured or otherwise invalid; and (4) Panduit has obtained numerous and overlapping patents covering the cable tie in order illegally to extend and prolong Panduit's patent monopolies.  Panduit's motion for a separate trial and a stay of discovery on the counterclaim presently is sub judice before the court in the Northern District of Illinois.

Substantial discovery and other pretrial proceedings have occurred in this action, and Panduit recently has moved the court in the Northern District of Illinois to close discovery on the issues raised by the complaint and to establish a trial date for those issues.  That motion presently is sub judice.

All parties to the first two Illinois actions agree that the parties in these actions have cooperated to some extent in accomplishing the discovery taken to date in those actions, which are pending before different judges.  In October, 1977, All States filed a motion seeking to consolidate these two actions for discovery purposes.  In June, 1978, the Honorable John F. Grady, to whom one of these actions is assigned, ruled on this motion as follows:

> There has been no showing that it is necessary to consolidate this case with any other case in order to conduct appropriate joint discovery.  That discovery can be and apparently is being conducted without consolidation.  Accordingly, [All States'] motion to transfer this case to the Executive Committee for reassignment for purposes of consolidated discovery is denied.

The third and final Illinois action was commenced in December, 1978, by Panduit against Dennison Manufacturing Company, Inc. (Dennison), a corporation engaged in the manufacture, sale and distribution of cable ties in the United States.   Panduit alleges that Dennison has infringed the '146 and the '869 patents, the same two patents involved in Panduit's Illinois action against All States.   To date, no discovery has taken place in this action.

The Wisconsin action was filed in December, 1978, by Panduit against Tyton for infringement of the '146 and the '869 patents.   Bowthorpe-Hellerman has joined in this action in order to file a counterclaim, and together with Tyton has filed a counterclaim charging Panduit with infringement of the '201 patent, which is also the subject of Bowthorpe-Hellerman's action against All States in the Northern District of Illinois.[2/]   No discovery has yet taken place in this action.

_____

[2/]  Many of the parties in the actions before the Panel have been involved in prior proceedings relating to cable tie patents.  For example, Panduit and Bowthorpe-Hellerman have participated in Patent Office "interference" and/or "public use" proceedings concerning the patents involved in this litigation.  In addition, Panduit has been involved in an interference proceeding involving a fourth patent covering cable ties (this patent is owned by the Minnesota Mining and Manufacturing Company) which may pre-date the patents at issue in the actions before the Panel. Finally, in All States Plastic Mfg. Co. v. Weckesser Co., 362 F. Supp. 94 (N.D. Ill. 1973), aff'd, 506 F.2d 465 (7th Cir. 1974), a fifth patent covering cable ties and owned by All States was declared invalid.  In that action, the '201 patent and the '146 patent involved in the litigation before the Panel were found to be important contemporaneous developments evidencing the obviousness of All States' cable tie patent.

All States has moved the Panel, pursuant to 28 U.S.C. §1407, to transfer the Wisconsin action to the Northern District of Illinois and to assign all actions to Judge Grady for coordinated or consolidated pretrial proceedings.[3] Transfer is opposed by Panduit, Bowthorpe-Hellerman, Bowthorpe Holdings and Tyton.  Dennison has submitted a short pleading to the Panel in which Dennison states that it "sees no compelling reason for consolidation of discovery" at this time.

---

[3]  Panduit has filed a motion to dismiss All States' Section 1407 motion on the grounds that All States is not a party to the Wisconsin action and is, accordingly, without standing to initiate a Section 1407 motion. Bowthorpe-Hellerman, Bowthorpe Holdings and Tyton support this motion.  All States opposes this motion.

Panduit and the parties that support this motion point out that Section 1407(c)(ii) states that proceedings for the transfer of an action by the Panel may be initiated "by a party in an action in which transfer for coordinated or consolidated pretrial proceedings under this section may be appropriate."  These parties argue that because All States is not a party to the Wisconsin action, All States does not have standing to seek transfer of the Wisconsin action under Section 1407.

But in In re Equity Funding Company of America Securities Litigation, 375 F. Supp. 1378, 1380 n.4 (J.P.M.L. 1974), we held as follows:  "A purely literal reading of Section 1407(c)(ii) suggests that a party may only move for transfer of an action in which it appears as a party.  Such a narrow reading, however, is not consistent with the purposes and intent of the legislation."  In any event, the lack of standing argument routinely becomes academic because in Panel hearing orders (including the order setting the present litigation for hearing)  the following paragraph appears concerning all dockets set for the particular hearing:  "IT IS FURTHER ORDERED that at said hearing the Panel may, on its own initiative, consider transfer of any or all of the actions to any district or districts." See 28 U.S.C. §1407(c)(i).

We find that, although these actions involve common questions of fact, transfer under Section 1407 would not necessarily serve the convenience of the parties and witnesses or promote the just and efficient conduct of the litigation.  Accordingly, we deny the motion to transfer.

All States acknowledges that each of the three patents in this litigation is not at issue in each of the actions before the Panel;[4/] nevertheless, All States argues that the record before the Panel, together with the history of proceedings concerning cable tie patents in which some of the parties before the Panel have been involved, see note 3, supra, amply demonstrate that questions concerning the scope and validity of all three patents are involved in all three Illinois actions and in the Wisconsin action. All States contends that the three patents cover the same "simple" structure of a one-piece cable tie, and that consideration of the validity of Panduit's two patents is necessarily intertwined with a consideration of the validity of Bowthorpe-Hellerman's patent.  All States maintains that numerous common questions of fact will revolve around the issues of, inter alia, (1) who, as between Panduit and Bowthorpe-Hellerman, is the first inventor of the subject matter of the patents involved in this litigation; and (2) whether there was certain prior art against the three patents involved in this litigation that might render those patents invalid.

4/  All three patents are at issue in the Wisconsin action; Bowthorpe-Hellerman's Illinois action focuses on only the '201 patent; and Panduit's two Illinois actions focus on the '146 and '869 patents.

-7-

All States argues that transfer of the Wisconsin action to the Northern District of Illinois and assignment of this litigation to Judge Grady would allow the parties to make optimal use of the substantial discovery which has already occurred in at least two of the Illinois actions, eliminate the possibility of any duplicative discovery in the future, and prevent conflicting rulings concerning discovery and other pretrial matters.

The opponents of transfer do not seriously contest All States' argument that the four actions before the Panel involve common questions of fact.[5/]   The thrust of opponents' argument is that the bulk of discovery concerning common questions of fact has already been accomplished in the two more advanced Illinois actions, and that, as recognized by Judge Grady, see pages 3-4, _supra_, the parties to at least those two actions have voluntarily cooperated in a variety of ways to avoid duplication of effort and expense where appropriate in the discovery process.

---

5/  While some of the opponents argue that the actions raise "two distinct validity issues" concerning, respectively, the '201 patent and the '146 and '869 patents, and that no one party is common to all actions, these same opponents acknowledge that there has been a great deal of joint discovery on issues of common interest in the two more advanced Illinois actions.

Opponents do maintain, however, that the "massive" antitrust counterclaim filed by All States against Panduit, Bowthorpe-Hellerman, Bowthorpe Holding and Tyton in one of the Illinois actions would substantially complicate and significantly delay pretrial proceedings in the entire litigation if Section 1407 transfer were ordered.  Opponents point out that the various counts of the counterclaim raise a variety of issues involving, for the most part, patents and market areas that are involved in none of the other actions before the Panel.

We find that movant has not met its burden of demonstrating that transfer will further the purposes of Section 1407. The two Illinois actions against All States have been pending for over three years, and discovery concerning the common factual questions in this litigation is well advanced. A discovery cutoff date of May 1, 1980 has been established in one of those two actions, and a motion to establish a discovery cutoff date for the issues in the complaint in the other action presently is <u>sub</u> <u>judice</u>. Thus these actions (which, taken together, involve each of the three patents at issue in this litigation) are nearing trial, and under the collateral estoppel principles of, <u>inter alia</u>, <u>Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation</u>, 402 U.S. 313 (1971), holdings in these actions that the patents are invalid would likely prove dispositive of related issues in the other two actions. Holdings of validity of these patents could have a dispositive effect as well. See <u>Illinois Tool Works, Inc. v. Foster Grant Co., Inc.</u>, 547 F.2d 1300, 1302-03 (7th Cir. 1976).

We have previously pointed out that the parties involved in the two advanced Illinois actions have already demonstrated their ability and willingness voluntarily to cooperate concerning pretrial matters, and we observe that opponents of transfer have expressed their desire to continue these cooperative efforts. We note that many suitable alternatives to Section 1407 transfer, some of which counsel in this litigation may already have utilized, exist in order to minimize the possibility of duplicative or unreasonable

discovery in the future.  For example, the parties may
request from the appropriate district courts that discovery
completed in either of the more advanced Illinois actions
and relevant to any of the other actions be made applicable
to those actions; the parties could seek to agree upon
a stipulation that any discovery relevant to more than
one action may be used in all those actions; notices
for a particular deposition could be filed in all actions,
thereby making the deposition applicable in each action;
and any party could seek orders from the courts before
whom the actions are pending to direct the parties to
coordinate their pretrial efforts.  Moreover, the parties
could seek stays of the Wisconsin action and the most
recently filed Illinois action pending a resolution of
the two Illinois actions which are nearing trial.  See
In re Allen Compound Bow Patent Litigation, 446 F. Supp.
248, 250 (J.P.M.L. 1978).

Also, consultation and cooperation among the concerned
district courts, if deemed appropriate by those courts,
coupled with the cooperation of the parties, would minimize
the possibility of conflicting pretrial rulings.  See
id. at 250-51.

IT IS THEREFORE ORDERED that the motion to transfer
the actions listed on the following Schedule A be, and
the same hereby is, DENIED.

DOCKET NO. 412
Schedule A

| NORTHERN DISTRICT OF ILLINOIS | Civil Action No. |
|---|---|
| Panduit Corp. v. All States Plastic Manufacturing Co., Inc. | 76-C-4012 |
| Panduit Corp. v. Dennison Manufacturing Co., Inc. | 78-C-4973 |
| Bowthorpe-Hellerman Ltd. v. All States Plastic Manufacturing Co., Inc. | 76-C-3574 |

EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Panduit Corp. v. Tyton Corp. | 78-C-812 |